IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RODNEY EARL CANNADY, | |
| Petitioner, | CIVIL ACTION NO.: 2:22-cv-55 |
| v. | |
| WARDEN J. FIKES, | |
| Respondent. | |

## ORDER AND REPORT AND RECOMMENDATION

Petitioner Rodney Cannady ("Cannady"), who is currently housed at the Federal Correctional Institution in Jesup, Georgia, submitted a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.  Doc. 1.  For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Cannady's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Cannady *in forma pauperis* status on appeal.[1]  I

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . .  To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted).  A magistrate judge's Report and Recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Cannady his suit is due to be dismissed.  As indicated below, Cannady will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**GRANT** Cannady's Motion to Expedite, to the extent this Report is being issued.  Doc. 2.  However, I **DENY** Cannady's Motion to Supplement, based on the following reasons.  Id.

## BACKGROUND

Cannady was convicted after pleading guilty to possession with the intent to distribute 50 grams or more of cocaine base (crack) and a quantity of oxycodone, in violation of 21 U.S.C. § 841(a)(1).  J., United States v. Cannady, 5:08-cr-258 (E.D.N.C Mar. 25, 2009) ("Crim. Case"), ECF No. 25.  Cannady was sentenced to 384 months in prison.  Id.

Cannady filed a direct appeal with the Fourth Circuit Court of Appeals and asserted his guilty plea should be vacated because his change of plea hearing was conducted jointly with several co-defendants, his sentence is excessive, and police officers violated his Fourth Amendment rights.  Id. at ECF No. 37.  The Fourth Circuit rejected these arguments and affirmed Cannady's conviction and sentence.  Id.

Cannady filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in the Eastern District of North Carolina.  He argued his trial counsel rendered ineffective assistance by not filing pre-trial motions to attack the illegal traffic stop and search of the car and because Cannady was not charged with a seatbelt violation.  In addition, Cannady stated his counsel forced him to enter into a plea agreement, did not ask to be removed from representing Cannady when a conflict arose, and did not investigate the information regarding the prior conviction, resulting in a much harsher sentence, and he did not receive proper notice of the 21 U.S.C. § 851 enhancement the Government sought.  Cannady also argued his appellate counsel was ineffective for failing to raise the first two issues on appeal.  Id. at ECF No. 41.  The district court granted the government's motion to dismiss and denied Cannady's motion.  Id. at ECF No. 57.  The Fourth Circuit dismissed Cannady's appeal for lack of prosecution.  Id. at ECF No. 64.

Cannady filed an application to file a second or successive § 2255 motion with the district court, claiming he is not a career offender because the two predicate offenses used to assign the career offender designation to him, including his conspiracy conviction, are not predicate offenses. Id. at ECF No. 72. The district court directed Cannady's application be submitted to the Fourth Circuit for that court's consideration. Id. at ECF No. 74. The Fourth Circuit denied Cannady authorization to file a second or successive motion. Id. at ECF No. 94.

Cannady then filed a motion to vacate judgment under Federal Rule of Civil Procedure 60(b)(4) and claimed the warrant authorizing his arrest was not based on probable cause and his plea was not entered into knowingly and intelligently. Id. at ECF No. 101. Cannady submitted a letter to the trial judge based, in part, on the same grounds as his Rule 60(b) motion, and this letter was docketed as a motion to vacate. Id. at ECF No. 117. The trial judge dismissed Cannady's motions (and several others) as an unauthorized, successive § 2255 motion. Id. at ECF No. 120.

Cannady filed another § 2255 motion and again argued he is not a career offender under the Guidelines because his previous convictions are not serious drug offenses. Id. at ECF No. 123. Unsurprisingly, Cannady's motion was dismissed as successive. Id. at ECF No. 125. Cannady filed a motion for reconsideration, which the trial court denied. Id. at ECF Nos. 128, 133. Cannady filed several more motions, including motions for compassionate release, for time credits under the First Step Act of 2018, and for resentencing. Id. at ECF Nos. 136, 137, 139, 149, 154, 174, 192. These motions were denied at the trial court level and the appellate level. Id. at ECF Nos. 138, 142, 177, 187, 194, 199. The Fourth Circuit specifically noted Cannady's request for resentencing based on his claim he was actually innocent of the career offender enhancement was an unauthorized, successive § 2255 motion. Id. at ECF No. 199, pp. 2, 3.

3

In his § 2241 Petition, Cannady contends he was improperly designated as a career offender because the trial court used his 1997 conspiracy conviction as a predicate offense. Doc. 1 at 2. Cannady states this is not a controlled substance offense under § 4B1.1 of the United States Sentencing Guidelines and, without this enhancement, his sentencing range would have been 168 to 210 months' imprisonment. Id. at 7. Cannady seeks to be re-sentenced without this enhancement and to receive all benefit of retroactive amendments to the Sentencing Guidelines. Id. at 8.

## DISCUSSION

**I.      Whether Cannady Can Proceed Under § 2241**

Cannady's Petition should be dismissed because it is an attack on his federal sentence that can only be made in compliance with § 2255, and Cannady has not satisfied the requirements of § 2255. His Petition is barred and should be dismissed.

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize § 2241 to attack the validity of a federal sentence or conviction, a petitioner must show the remedy afforded under § 2255 is "inadequate or ineffective." Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing the remedy under § 2255 was inadequate or ineffective to test the legality of his detention). A motion to vacate covers

only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence.  Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper . . . .  A prisoner in custody pursuant to a federal court judgment may proceed under §2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

> Section 2255(e) provides:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U. S. C. § 2255(e) (emphasis added).  The above-emphasized portion of § 2255(e) is referred to as the "saving clause."  "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

To determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate.  In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87.  In short, when reviewing a § 2241 petition, courts should look to whether the petitioner's claim is of a

kind that is "cognizable" under § 2255.  If so, the petitioner cannot meet the "saving clause" and cannot proceed under § 2241.  To be sure, "[t]he remedy [afforded] by [a § 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim."  Id. at 1088.  Whether the petitioner is entitled to relief under § 2255 is not relevant to the McCarthan test.  Rather, it is the "remedy" that must be "inadequate or ineffective" to trigger the saving clause, meaning "the available process—not substantive relief."  Id. at 1086.

The saving clause can be used in cases presenting "limited circumstances," but Cannady does not present any of those circumstances through his instant Petition.[2]  Cannady is clearly challenging his sentence, which he freely admits.  Doc. 1.  This is the type of claim and requested relief § 2255 encompasses.  It is clear Cannady is not attacking the manner in which his sentence is being executed but his sentence itself.  He would have been permitted to bring this type of claim in a motion to vacate (and did), and § 2255 provided Cannady with an adequate procedure to test his claim.  In fact, Cannady already filed § 2255 motions with the sentencing court.

Further, Cannady's § 2255 remedy is not nullified within the meaning of the saving clause merely because he may not be able to overcome procedural requirements for relief.  See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not

---

[2]  Examples of cases presenting "limited circumstances" in which the saving clause is applicable are challenges to the deprivation of good-time credits or parole determinations, when the sentencing court has been dissolved, or when a petitioner was sentenced in multiple courts.  McCarthan, 851 F.3d at 1092–93.  However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'"  Id. (citations omitted).  It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the § 2255 court got it wrong.  Id. at 1086, 1090.  The Court recognizes Cannady's contention the issue he raises in his § 2241 Petition cannot be reached under § 2255 because Borden announced a new substantive rule.  Doc. 1 at 4.  However, the Eleventh Circuit rejected this argument when denying Cannady's application for leave to file a second or successive § 2255 motion.  Crim. Case, ECF No. 293.  In addition, Cannady's reliance on United States v. Ash, 7 F.4th 962 (10th Cir. 2021), is misplaced.  7 F.4th at 963 (finding Kansas' reckless aggravated battery is not a crime of violence but declining to consider whether Missouri's second-degree robbery is a crime of violence).

render the motion itself an ineffective or inadequate remedy."). Thus, the fact Cannady faces a bar against a second or successive § 2255 motion or a statute of limitations bar to bringing a § 2255 motion does not itself render a § 2255 motion inadequate or ineffective. Id.; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011).

Section 2255 provided Cannady an "adequate procedure" to test his conviction and sentence before the sentencing court. In fact, Cannady used the § 2255 mechanism in the District of conviction and was not successful. Consequently, Cannady cannot show § 2255's remedy is "inadequate or ineffective" to challenge his sentence and "cannot now use the saving clause to make [his] claim in a petition for a writ of habeas corpus." McCarthan, 851 F.3d at 1099–1100. Because Cannady cannot satisfy the saving clause, his claim is procedurally barred, and the Court cannot reach the merits of his arguments in his Petition.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Cannady leave to appeal *in forma pauperis*. Though Cannady has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v.

7

Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Cannady's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Cannady *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Cannady's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Cannady *in forma pauperis* status on appeal. I **GRANT** Cannady's Motion to Expedite, to the extent this Report is being issued. Doc. 2. However, I **DENY** Cannady's Motion to Supplement.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 10th day of March, 2023.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA