# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| RODNEY EARL CANNADY, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 2:22-cv-55 |
| | * | |
| v. | * | |
| | * | |
| WARDEN J. FIKES, | * | |
| | * | |
| Respondent. | * | |

## ORDER

After an independent and de novo review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation. Dkt. No. 4. Petitioner Rodney Cannady ("Cannady") filed Objections to the Report and Recommendation. Dkt. No. 7.

In his Objections, Cannady maintains he meets the saving clause of 28 U.S.C. § 2255 because, at the time he filed his first § 2255 motion, his 1997 conspiracy conviction qualified as a "controlled substance offense" under the career offender provision of the United States Sentencing Guidelines, but court opinions issued since his conviction have concluded that offense no longer qualifies as a predicate offense. Id. at 1–2.

AO 72A
(Rev. 8/82)

Cannady asserts, as a result, his § 2255 remedy was inadequate or ineffective. Id. at 2. Cannady, in support of his arguments, cites two decisions arising out of the Fourth Circuit and one decision arising out of the Eleventh Circuit Court of Appeals, all declaring a 21 U.S.C. § 846 conspiracy is not a controlled substance offense under the Guidelines: United States v. Norman, 935 F.3d 232 (4th Cir. 2019); United States v. Whitley, 737 F. App'x 147 (4th Cir. 2018); and United States v. Dupree, 57 F.4th 1269 (11th Cir. 2023). Id. at 2-3. Cannady contends these decisions represent new, substantive law, making his claims fall outside the scope of 28 U.S.C. § 2255(a). Id. at 3. Cannady reiterates his original § 2255 motion provided an inadequate or ineffective remedy to challenge his sentence. Id. at 4.

Cannady's Objections fail. Cannady ignores the fact he has continuously litigated issues concerning his sentence and conviction in the District and Circuit of his conviction. Dkt. No. 6 at 2-3. Of particular note are Cannady's denied application to file a second or successive § 2255 motion, claiming his conspiracy conviction and another predicate offense could not be used to designate him a career offender, and his unauthorized, successive § 2255 motion in which he again argued he is not a career offender under the Guidelines because his predicate offenses are not serious drug offenses. Id. at 3

2

(citing United States v. Cannady, 5:08-cr-258 (E.D.N.C.), ECF Nos. 72, 74, 94, 123, 125, 138, 150, 177, 192, 194, 199)). In addition, the Court notes Cannady continues to litigate matters relating to his conviction and sentence in the District of conviction, as shown by the motion for immediate release and to withdraw guilty plea that was filed the same date the Magistrate Judge issued his Report in this case. Mot., United States v. Cannady, 5:08-cr-258 (E.D.N.C. Mar. 10, 2023), ECF No. 203.

The Magistrate Judge correctly determined § 2255 provided Cannady with an adequate procedure to attack his sentence and Cannady used § 2255 (and other avenues) to attack his sentence. Dkt. No. 6 at 6. Simply because Cannady was unsuccessful in his attempts or faces procedural obstacles does not render the remedy and procedure § 2255 afford inadequate or ineffective. Cannady does not meet the saving clause of § 2255 and, thus, cannot use 28 U.S.C. § 2241 to attack his sentence. In other words, Cannady's relief lies, if at all, in the District and Circuit of his conviction via § 2255, not in the District of his confinement via § 2241.

Accordingly, the Court **OVERRULES** Cannady's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **DISMISSES** Cannady's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of

AO 72A (Rev. 8/82)

dismissal, and **DENIES** Cannady *in forma pauperis* status on appeal.

**SO ORDERED**, this \_\_16\_\_ day of \_\_May\_\_, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA